IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01362-LTB-MJW

CODY HARNACK,

Plaintiff(s),

v.

ENSIGN UNITED STATES DRILLING, INC., et al,

Defendant(s).

---

# MINUTE ORDER

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that Defendants' Motion to Designate Plaintiff's Employer, Richard S. Logan Trucking, Inc., as a Non-Party at Fault (docket no. 32) is **DENIED** for the following reasons.

On June 11, 2009, an Order granting the Motion to Transfer Venue was entered by the United States District Court for the District of Wyoming, and this action was transferred to the District of Colorado pursuant to 28 U.S.C. § 1404(a). On August 24, 2009, Magistrate Judge Watanabe conducted a Rule 16 Scheduling Conference and entered a Rule 16 Scheduling Order (docket nos. 17 and 18). During the Rule 16 Scheduling Conference, Defendants did not raise the issue of non-party designation even though it is clear that they were aware of Plaintiff's employer when the case was originally filed in the District of Wyoming. Accordingly, no deadline was set by Magistrate Judge Watanabe to designate non-parties in the Rule 16 Scheduling Order.

Section 13-21-111.5 (3)(b), C.R.S., states, *in pertinent part*, the "[n]egligence or fault of a nonparty may be considered if . . . the defending party gives notice that a nonparty is wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary. . . ." Furthermore, the decision to extend the time to designate statutory non-parties at fault is discretionary with the court. Antolovich v. Brown Group Retail, Inc., 183 P.3d 582, 591-92 (Colo. App. 2007).

Here, Defendants have waited almost seven (7) months to file the subject motion (docket no. 32) from August 24, 2009, which was the date that the Rule 16 Scheduling

Order was entered, and almost ten (10) months from the date this case was transferred to the District of Colorado, which was June 11, 2009 (docket no. 1). Discovery is scheduled to be completed by May 28, 2010, and Dispositive Motions are to be filed by June 14, 2010. I find that the subject motion (docket no. 32) is untimely and should be denied. Furthermore, I find that Defendants should have designated their non-parties, giving them the benefit of the doubt, within ninety (90) from the Rule 16 Scheduling Order, or on or before November 22, 2009. Lastly, I find that the mere fact that none of the parties brought the issue of non-party designation to my attention at the Rule 16 Scheduling Conference does not relieve a party from complying with § 13-21-111.5, C.R.S.

Date: April 12, 2010